SCOTT J. SAGARIA (BAR # 217981)
ELLIOT W. GALE (BAR #263326)
JOE B. ANGELO (BAR #268542)
SCOTT M. JOHNSON (BAR #287182)
**SAGARIA LAW, P.C.**
2033 Gateway Place, 5th Floor
San Jose, CA 95110
408-279-2288 ph
408-279-2299 fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| ARTHUR HARRIS**,**<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>Experian Information Solutions, Inc.; TD Bank USA, National Association; WebBank; Wyndham Resort Development Corporation and DOES 1 through 100 inclusive**,**<br><br>　　　　　　　Defendants. | CASE NO.: 5:16-CV-02162-BLF<br><br>AMENDED COMPLAINT FOR DAMAGES:<br><br>　1. Violation of Fair Credit Reporting Act;<br>　2. Violation of California Consumer Credit Reporting Agencies Act |

COMES NOW Plaintiff ARTHUR HARRIS, an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This case arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) and the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a). Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 13 bankruptcy.

**JURISDICTION & VENUE**

1

2. Plaintiff re-alleges and incorporates herein by this reference the allegations in each and every paragraph above, fully set forth herein.

3. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1681

4. This venue is proper pursuant to 28 U.S.C. §1391(b).

## **GENERAL ALLEGATIONS**

5. Plaintiff filed for Chapter 13 bankruptcy protection on January 1, 2014 in order to reorganize and repair Plaintiff's credit. Plaintiff's Chapter 13 plan of financial reorganization was confirmed on April 8, 2014, binding creditors to its terms 11 U.S.C. §1327.

6. Under the terms of Plaintiff's chapter 13 plan, general unsecured non-priority creditors were to be paid 0.00% of their claims.

7. According to the Chapter 13 Trustee's account, Plaintiff's unsecured creditors have received a 0.00% distribution on all unsecured claims and Plaintiff's unsecured creditors are owed $0.00.

8. On October 5, 2015 Plaintiff ordered a three bureau report from Experian Information Solutions, Inc. to ensure proper reporting by Plaintiff's creditors given the confirmation of Plaintiff's chapter 13 repayment plan.

9. Plaintiff noticed several tradelines all reporting misleading and inaccurate account information.

10. Defendant TD Bank USA, National Association was reporting Plaintiff's account, beginning in 4339, as owing a balance of $800.00, and in collections, despite a Bankruptcy Court Order stating that $0.00 is owed and that the Chapter 13 Bankruptcy Trustee's accounting indicates that $0.00 is owed.

11. Defendant WebBank was reporting Plaintiff's account, beginning in 6276, as in collection and charged off, despite a Bankruptcy Court Order stating that $0.00 is owed and that the Chapter 13 Bankruptcy Trustee's accounting indicates that $0.00 is owed.

12. Defendant Wyndham Resort Development Corporation was reporting Plaintiff's account, beginning in 1070, as repossessed, monthly payments owed in the amount of $160.00,

despite a Bankruptcy Court Order stating that $0.00 is owed and that the Chapter 13 Bankruptcy Trustee's accounting indicates that $0.00 is owed.

13. In response to the perceived inaccuracies on Plaintiff's credit report, Plaintiff specifically identified in the dispute letter that he was taking issue with the balances owed, past due balances owed, and monthly payments that were being reported and indicated that all creditors receiving a dispute needed to investigate as to how to properly report the debt after a chapter 13 filing.

14. Plaintiff sent the disputes via certified mail to Experian Information Solutions, Inc.; Equifax, Inc.; and TransUnion, LLC.

15. Plaintiff is informed and believes that each credit reporting agency sent each Defendant notification that plaintiff was disputing the accuracy of what it was reporting to them.

16. Defendants TD Bank USA, National Association; WebBank; Verizon Wireless Services, LLC; Wyndham Resort Development Corporation failed to conduct a reasonable investigation by not reviewing the CDIA on how to report once a bankruptcy has been filed, did not review Plaintiff's dispute, did not follow its own policies regarding reporting an account after a bankruptcy has been filed, and continued to report falsely to Experian Information Solutions, Inc. and Equifax, Inc. misleading and inaccurate account information as identified above in Paragraphs 10 – 12.

17. Alternatively, Experian Information Solutions, Inc. failed to perform its own reasonable investigation and failed to correct the inaccuracies and failed to note that Plaintiff disputed the information. After the statutory time period passed for Experian Information Solutions, Inc. to update the report Plaintiff pulled a second credit report and noticed that no updates had been made to the tradeline in dispute.

18. On February 26, 2016 Plaintiff ordered a second three bureau report from Experian Information Solutions, Inc. to ensure the accounts that were in dispute were being properly reported.

19. Plaintiff's accounts were disputed but the Defendants; Experian Information Solutions, Inc. and Equifax, Inc. failed to correct the misleading and inaccurate statements on the account within the statutory time frame or, alternatively, at all.

20. In response to Plaintiff's dispute Defendant TD Bank failed to conduct a reasonable investigation or any investigation and did so intentionally and with reckless disregard by not consulting the CDIA, its own internal processes for dealing with a bankruptcy filing, and did not review the chapter 13 filing and repayment plan as Plaintiff's disputes went largely unchanged and TD Bank continued to report Plaintiff's account as owing a balance and that the account was in collections.

21. In response to Plaintiff's dispute Defendant WebBank. failed to conduct a reasonable investigation or any investigation and did so intentionally and with reckless disregard by not consulting the CDIA, its own internal processes for dealing with a bankruptcy filing, and did not review the chapter 13 filing and repayment plan as Plaintiff's disputes went unchanged and WebBank continued to report Plaintiff's account as in collections and charged off.

22. In response to Plaintiff's dispute Defendant Wyndham failed to conduct a reasonable investigation or any investigation and did so intentionally and with reckless disregard by not consulting the CDIA, its own internal processes for dealing with a bankruptcy filing, and did not review the chapter 13 filing and repayment plan as Plaintiff's disputes went unchanged and Wyndham continued to report Plaintiff's account as having monthly payments owed.

23. The actions of the Defendants as alleged herein are acts in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b).

24. The actions of the Defendants as alleged herein are acts in violation of the consumer credit reporting agencies act California Civil Code § 1785.25(a).

**FIRST CAUSE OF ACTION**
(Violation of Fair Credit Reporting Act
15 U.S.C. § 1681s-2(b))
(Against Defendants and Does 1-100)

**Experian Information Solutions, Inc. - Failure to Reinvestigate Disputed Information.**

25. Plaintiff realleges and incorporates herein the allegation in each and every paragraph

above as though fully set forth herein.

26. After Plaintiff disputed the accounts mentioned above, Defendants Experian Information Solutions, Inc. was required to conduct a reasonable investigation and to delete any information that was not accurate. In doing so, Defendant was required to send all relevant information to the furnishers which they did not do.  Defendant failed to correct the misleading and or inaccurate statements on the account within the statutory time frame or at all.

**TD Bank USA, National Association; WebBank; and Wyndham Resort Development Corporation – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc. and Equifax, Inc. and Failure to Reinvestigate.**

27. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

28. 15 USC 1681s-2(b) prohibits furnishers from providing any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate or misleading and requires a furnisher to update and or correct inaccurate information after being notified by a consumer reporting agency of a dispute by a consumer.

29. Defendants TD Bank USA, National Association; WebBank; and Wyndham Resort Development Corporation violated section 1681s-2(b) by failing to conduct a reasonable investigation and re-reporting misleading and inaccurate account information regarding Plaintiff's accounts.  Defendants Experian Information Solutions, Inc. and Equifax, Inc. provided notice to the defendants that Plaintiff was disputing the inaccurate and misleading information but each of the Defendants failed to conduct a reasonable investigation of the information as required by the FCRA.

30. Specifically, Defendant TD Bank USA, National Association (account beginning in 4339) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 13 filing and confirmation, that the account was still owing a balance of $800.00, and in collections, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

31. Defendant WebBank (account beginning in 6276) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 13 filing

and confirmation, that the account was in collection and charged off, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

32. Defendant Wyndham Resort Development Corporation (account beginning in 1070) supplied inaccurate and misleading information to the Credit Reporting Agencies by reporting, after Plaintiff's chapter 13 filing and confirmation, that the account was repossessed, and monthly payments owed in the amount of $160.00, despite the Court Ordered treatment of its claim under the terms of Plaintiff's Chapter 13 plan of reorganization.

33. All Defendants re-reported to the bureaus the misleading and inaccurate information as seen in Plaintiff's reinvestigation reports and credit report that was pulled after the disputes were sent.

34. The acts of the Defendants as described above were done willfully and intentionally with reckless disregard for its duties under the FCRA.

35. As a direct and proximate result of Defendants' willful and intentional inaccurate reporting, Plaintiff has suffered actual damages including but not limited to an inability to properly reorganize under Chapter 13, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, cost of pulling credit reports, and such further expenses in an amount to be determined and proven at trial.

**SECOND CAUSE OF ACTION**
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a))
(Against Defendants and Does 1-100)

**TD Bank USA, National Association; WebBank; and Wyndham Resort Development Corporation – Reporting Inaccurate Information to Defendants Experian Information Solutions, Inc. and Equifax, Inc.**

36. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

37. Defendants TD Bank USA, National Association; WebBank; and Wyndham Resort Development Corporation intentionally and knowingly reported misleading and inaccurate account information to Experian Information Solutions, Inc. and Equifax, Inc.

38. Plaintiff alleges that Defendants re-reported misleading and inaccurate account information, as stated in paragraphs 8-11 and 28-31 to Experian Information Solutions, Inc. and Equifax, Inc. in violation of California Civil Code § 1785.25(a).

39. Plaintiff also alleges that Defendants had reason to know that the information reported on Plaintiff's accounts were misleading and inaccurate.

40. Plaintiff alleges that the bankruptcy notices, disputes letters from all three credit reporting agencies, the consumer data industry resource guide, and results of its investigation, the language in the chapter 13 plan and subsequent confirmation order issued by the U.S. Bankruptcy Court should have provided notice to Defendants of its misleading and inaccurate reporting.

41. Defendants failed to notify Experian Information Solutions, Inc. and Equifax, Inc. that the information Defendants re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

42. Defendants' communications of false information, and repeated failures to investigate, and correct their inaccurate information and erroneous reporting were done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

43. As a direct and proximate result of Defendants' willful and untrue communications, Plaintiff has suffered actual damages including but not limited to inability to properly reorganize under Chapter 13, reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, sending demand letters, diminished credit score, and such further expenses in an amount to be determined at trial.

44. Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

   a. For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;
   b. Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;
   c. Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31
   d. Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. §

Case 5:16-cv-02162-BLF   Document 39   Filed 07/15/16   Page 8 of 8

1681n & o; California Civil Code § 1785.31;

e. For determination by the Court that Creditor's policies and practices are unlawful and in willful violation of 15 U.S.C. § 1681n, et seq.; and

f. For determination by the Court that Creditor's policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1681o;

Dated: July 15, 2016          By:     **SAGARIA LAW, P.C.**
                                      */s/ Elliot Gale, Esq.*
                                      Scott Sagaria, Esq.
                                      Elliot Gale, Esq.
                                      Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

Dated: July 15, 2016                  **SAGARIA LAW, P.C.**
                                      */s/ Elliot Gale, Esq.*
                                      Scott Sagaria, Esq.
                                      Elliot Gale, Esq.
                                      Attorneys for Plaintiff